Mark Ankcorn (166871)
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600
(619) 684-3541 fax
*mark@ankcorn.com*

Attorneys for Plaintiff Renee Goggans

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — SANTA ANA DIVISION

| | |
|---|---|
| **Renee Goggans**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LoanMe, Inc.**,<br><br>Defendant. | Case No. 8:16-cv-1223<br><br>**Complaint**<br><br>Class Action<br><br>Jury Trial Demanded |

### Introduction

1.    Renee Goggans ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations and claims against LoanMe, Inc., upon personal knowledge, investigation of her counsel, and on information and belief.

2.    This action seeks redress on a classwide basis for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"). It also seeks redress on an individual basis for violations of California's Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 *et seq.* ("R-FDCPA"), and state law tort claims.

3.     This Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b), 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d). This Court has jurisdiction over pendant state law claims pursuant to 28 U.S.C § 1367.

4.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

**Parties**

5.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39) and California Civil Code § 1788.2(g). Plaintiff resides in San Diego, California, and is allegedly obligated with respect to a consumer debt as that term is defined in 15 U.S.C. § 1692c(b).

6.     Plaintiff is informed and believes, and thereon alleges, that Defendant LoanMe is a California Finance Lender and a Nevada corporation operating from its principal headquarters at 1900 S. State College Blvd., Suite 300, Anaheim, California 92806

7.     Plaintiff is informed and believes, and thereon alleges, that LoanMe is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). LoanMe is not an attorney or counselor at law, nor an association of such licensed professionals.

8.     At all times relevant Defendant conducted business in the State of California and in the County of Orange, within this judicial district.

**Factual Allegations**

9.     Cal. Civ. Code §§ 1788.2(d), (e), and (f) similarly define the terms "debt," "consumer credit transaction," and "consumer debt" together to include money which is due or owing, or alleged to be due or owing, from a natural

1     person to another person and which is or was incurred primarily for personal,

2     family, or household purposes.

3         10.     On or about July 22, 2015, Plaintiff borrowed $5,000 from

4     Defendant in response to unsolicited advertising it sent her and used those funds

5     for personal, family, and household purposes. As such, the obligation is a

6     consumer debt under Cal. Civ. Code § 1788.2(f).

7         11.     Defendant's various communications including written letters

8     delivered via the US Postal Service, emails, and telephone calls with Plaintiff

9     discussed in this Complaint are all attempts at "debt collection" as that term is

10     defined by Cal. Civ. Code § 1788.2(b).

11         12.     Plaintiff is a subscriber to cellular telephone services for a telephone

12     number ending in 6507, where she received the calls from Defendant complained

13     of herein.

14         13.     On or about September 21, 2015, Plaintiff fell behind on her regular

15     payments to Defendant. Almost immediately, Defendant began a campaign of

16     telephone calls that came every hour from 8 am to 8 pm, every day without

17     interruption until approximately January 15, 2016.

18         14.     From mid-January through late May of 2016, Defendant called not

19     less than twice per day.

20         15.     In total, Defendant made nearly one thousand (1,000) calls to

21     Plaintiff at her cellular telephone number ending 6507.

22         16.     Each of these calls was an attempt to collect on a consumer debt.

23     Each of these calls was made using telephone equipment that has the capacity to

24     store or produce telephone numbers to be called using a random or sequential

25     number generator, even if it was not configured in that manner at the time the

26     calls to Plaintiff were placed.

27         17.     As such, the telephone system used by Defendant meets the

28     definition of an automatic telephone dialing system ("ATDS") as defined by 47

1    U.S.C. § 227(a)(1) and the rules, regulations, and orders of the Federal

2    Communications Commission.

3        18.    Defendant used a variety of caller ID numbers on its inbound calls

4    to Plaintiff, including but not limited to (718) 249-3352, (209) 348-9168, (510)

5    372-0859, (323) 527-9037, (818) 237-3285, (925) 478-2066, (562) 217-4568, (619)

6    592-8724, (415) 549-0681, (760) 259-0169, (916) 365-4529, (707) 238-0105, (909)

7    450-5348, (626) 628-9141, (951) 436-0121, (201) 806-5695, (619) 331-1912, (661)

8    578-5895, and (559) 765-0059.

9        19.    Upon information and belief, Plaintiff alleges that Defendant has no

10    call center in the 619, 818, 760, 201, 718, 209, 510, 323, 925, 562, 415, 916, 707,

11    909, 626, 661, or 559 area codes and instead used false and misleading caller ID

12    information in a calculated effort to increase the rate at which Plaintiff and

13    other consumers would answer Defendant's collection calls.

14        20.    Plaintiff on numerous occasions did answer Defendant's collection

15    calls when showing these caller ID area codes, believing it to be a potential

16    customer phone call.

17        21.    None of the calls were made with Plaintiff's express consent. In fact,

18    Plaintiff answered many of the calls and specifically instructed Defendant several

19    times to stop calling her cell phone number. Nevertheless, the calls continued.

20        22.    Plaintiff operates a business raising and caring for Monarch

21    butterflies of the *danaus plexippus* species, which are endangered and threatened

22    due to encroachment on their natural habitats in Southern California. She

23    releases dozens of these butterflies at events such as weddings and funerals at the

24    request of clients who wish not only to beautify important moments in their lives

25    but also contribute to the rebuilding of butterfly populations and encourage

26    migratory patterns.

27        23.    Plaintiff uses the telephone number ending in 6507 as her sole

28    business telephone for incoming potential client inquiries.

24.     When Defendant continued calling her despite her repeated requests to cease, it caused Plaintiff to answer many calls she did not intend to take, causing increased telephone charges, lost time, frustration, and harassment.

25.     The unwanted incoming calls from both Defendants also caused Plaintiff to waste time dealing with voicemail messages, missed call notifications, and unknown caller ID information — time that could have been spent on other matters including developing her business.

26.     The unwanted incoming calls from Defendant also occupied her telephone line, cause it to be unavailable for legitimate purposes.

27.     Each of the unwanted calls placed by Defendant was an aggravation and a nuisance that invaded Plaintiff's privacy. These injuries to Plaintiff's emotional and dignitary harm, even though slight, were distinct and palpable injuries. Long before Congress passed the TCPA, these abstract interests in privacy and dignity were already recognized as legally protected.

28.     Plaintiff's cellular telephone number ending in 6507 was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

29.     These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30.     Plaintiff did not provide prior express consent to Defendant to receive calls or messages on Plaintiff's cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

31.     These telephone communications by Defendant, or its agents and vendors, violated 47 U.S.C. § 227(b)(1).

32.     Through this conduct of calling Plaintiff and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, Defendant engaged in conduct the natural consequence of which is to harass,

oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

33.     Through this conduct of calling Plaintiff continuously after Plaintiff informed Defendant numerous times that Plaintiff wished the calls to cease, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

34.     Through this conduct of calling Plaintiff using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

35.     Through this conduct of calling Plaintiff by means of an ATDS to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendants used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

36.     Each of the above-described practices and conduct outlined in paragraphs 32 through 35, inclusive, also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

37.     Plaintiff felt frustrated and helpless as a result of the calls.  The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful

enjoyment of her personal and professional life. The calls also prevented Plaintiff from pursuing her lawful business and caused her direct, immediate economic harm in the form of lost sales.

38.     The calls placed by Defendant to Plaintiff were extremely intrusive into Plaintiff's personal life, including her relationships with her close friends and family members.

## Class Action Allegations

39.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of all others similarly situated for violations of the TCPA. For other alleged violations, Plaintiff seeks relief solely in her individual capacity.

40.     The proposed class that Plaintiff seeks to represent is defined as follows:

> All persons who had or have a number assigned to a cellular
> telephone service, which number was called by Defendant using and
> Automatic Telephone Dialing System in the four years prior to filing
> of this action. Excluded from the class are persons who Defendant
> called for emergency purposes.

41.     Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class is the Defendant and any entities in which Defendant or its subsidiaries or affiliates have a controlling interest, Defendant's agents and employees, the judicial officer to whom this action is assigned and any member of the court staff and immediate family. Also excluded are claims for personal injury, wrongful death, and emotional distress.

42.     Plaintiff does not know the exact number of members of the Class, but based upon Defendant's public statements regarding its businesses in the United States and investigation of Plaintiff's counsel, Plaintiff reasonably believes that the members of each class number in the hundreds of thousands, if

1   not more. The estimated class size includes consumers who are obligated on debts
2   originated and/or serviced by Defendant, as well as persons who co-signed for
3   those debts, and all other persons whom Defendant or its affiliates, agents,
4   contractors, or employees dialed (or mis-dialed).

5       43.    There are questions of law and fact common to the members of the
6   Class that predominate over any questions affecting only individual members,
7   including, whether Defendant made any call (other than a call made for
8   emergency purposes or made with the prior express consent of the called party)
9   using any automatic telephone dialing system and/or an artificial or prerecorded
10  voice to any telephone number assigned to a cellular telephone service in
11  violation of the TCPA.

12      44.    Plaintiff's claims are typical of the claims of the members of the
13  Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant
14  has no defenses unique to Plaintiff.

15      45.    Plaintiff will fairly and adequately protect the interests of the Class,
16  and has retained attorneys experienced in class and complex litigation, including
17  claims under the TCPA and related consumer protection statutes.

18      46.    A class action is superior to all other available methods for the fair
19  and efficient adjudication of the controversy for the following reasons:

20          a.  It is economically impractical for members of the Class to
21              prosecute individual actions;
22          b.  The Class is readily definable; and
23          c.  Prosecution as a class action will eliminate the possibility of
24              repetitious litigation.

25      47.    A class action will cause an orderly and expeditious administration
26  of the claims of the Class. Economies of time, effort, and expense will be fostered
27  and uniformity of decisions will be ensured.

28

Complaint — 8

48.     Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small, and unlike nearly all state and federal consumer protection statutes, the TCPA has no provision awarding a prevailing plaintiff her attorneys' fees and costs of suit. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.

49.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with the respect to the Class as a whole appropriate. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## First Claim for Relief
## Telephone Consumer Protection Act — 47 U.S.C. § 227(b)(1)
## (Class Claim)

50.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

52.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and members of the Class are entitled to compensation for their actual damages and an award of $500 in statutory damages for each and every call placed in violation of the statute, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B).

53.     As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and each member of the Class are also entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

54.     Plaintiff and all members of the Class are also entitled to and do seek injunctive relief prohibiting such negligent conduct that violates the TCPA by Defendant in the future.

## Second Claim for Relief
## RFDCPA — Cal. Civil Code §§ 1788-1788.32
## (Individual Claim Only)

55.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

56.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

57.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);  statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

///

## Third Claim for Relief

## Negligence

## (Individual Claim Only)

58.     Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

59.     Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the statutes described herein as well as under common law. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection and calling practices.

60.     Defendant breached these duties by engaging in the acts described herein each in violation of the statutes alleged herein.

61.     Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

62.     Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress.

63.     Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached its duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

64.      Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns or affairs, and private financial information.


## Jury Trial Demand

65.     Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of actual and statutory damages.

///

Complaint — 11

**Prayers for Relief**

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

1.      An injunction against the calling of Plaintiff's cellular telephone by Defendants and their contractors, agents and employees;

2.      Damages pursuant to 47 U.S.C. § 227(b)(3) on a class-wide basis;

3.      Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30 on an individual basis;

4.      General, special, and punitive damages according to proof, including loss of earnings;

5.      Costs of litigation and reasonable attorneys' fees as part of a common fund, if any, and pursuant to statute;

6.      Such other and further relief as the Court may deem just and proper

Dated:    July 1, 2016                    Ankcorn Law Firm, PC

                                          */s/ Mark Ankcorn*

                                          Attorneys for Plaintiff Renee Goggans
                                          and the alleged Class

Complaint — 12