JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01223 AG (JCGx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | RENEE GOGGANS v. LOANME, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO COMPEL ARBITRATION**

When Renee Goggans borrowed $5,400 from LoanMe, Inc., she signed a six-page promissory note. That contract included several bold-faced terms, like the principal amount and interest rate. It also included an arbitration clause (with a 60-day opt-out window). Still, in July 2015, after defaulting, Goggans filed this would-be class action against LoanMe. She alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1778 *et seq.*, and state tort law.

LoanMe swiftly moved to compel arbitration. But now Goggans claims that the arbitration clause is unenforceable under a little-known provision of the California Financial Code. LoanMe disagrees with her reading of that provision and argues, in any case, that federal law preempts California law. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). The parties met, they conferred, but they couldn't resolve this gateway dispute.

The Court GRANTS LoanMe's motion to compel arbitration and STAYS the case. (Dkt. No. 27.) Goggans's emergency application to strike is MOOT. (Dkt. No. 22.)

## 1. LEGAL STANDARD

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01223 AG (JCGx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | RENEE GOGGANS v. LOANME, INC. | | |

Congress drafted the Federal Arbitration Act ("FAA") to "overcome judicial resistance to arbitration" and "place[] arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Section 2, the "primary substantive provision of the Act," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), thus makes any arbitration agreement "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2. The FAA at once "embodies the national policy favoring arbitration," *Buckeye*, 546 U.S. at 443, and preserves "generally applicable contract defenses," *Concepcion*, 563 U.S. at 339 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)); *see also Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 432 (9th Cir. 2015).

## 2. ANALYSIS

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013). So, the Court's modest role here is to (1) determine "whether a valid arbitration agreement exists" and (2) decide "whether the agreement encompasses the disputes at issue." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014).

The parties don't spar over the latter prong. For purposes of this motion, Goggans "specifically and directly" raises an objection to the validity of the arbitration clause. *See Tompkins v. 23andMe, Inc.*, No. 14-16405, 2016 WL 6072192, at *11 (9th Cir. Oct. 13, 2016); *see also Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010). But it's not a common defense to contract enforcement, like fraud, duress, or unconscionability. *See Kilgore*, 718 F.3d at 1058. It's not a claim that waiver of the right to bring a representative action, say, under California's Private Attorneys General Act, is unenforceable. *See Sakkab*, 803 F.3d at 431–32. And it's not even a proper challenge to a class arbitration waiver. *See Concepcion*, 563 U.S. at 339.

What's her objection? Goggans says that the arbitration clause runs afoul of the California

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01223 AG (JCGx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | RENEE GOGGANS v. LOANME, INC. | | |

Finance Lender Law. "No person in connection with or incidental to the making of a loan," the law says, "shall require the borrower to enter into any collateral sales agreements or contracts, . . . by the borrower to the lender as security for the repayment of the loan." Cal. Fin. Code § 22312. On Goggans's reading, that provision bars borrowers and limits lenders from entering into any and all "side agreements," which generally include arbitration agreements. (Opp'n, Dkt. No. 30 at 199.)

There are a few obvious problems with Goggans's position. One, it proves too much. An integrated arbitration term isn't really a collateral sales contract with separate consideration. If that were the case, then *any* term in a loan agreement—apart from maybe the principal and interest rate—would likely be unenforceable. Two, Goggans misconstrues the plain language of the statute. Section 22312, as it's title makes clear, only regulates the use of "collateral sales agreements or contracts *as security*" for the repayment of a loan. Even if they were considered "side agreements," arbitration clauses aren't generally used to secure loans. Three, and this is pure pedantry, but Goggans's counsel doesn't cite any relevant law to support his textual analysis. Perhaps he can't: Section 22312, apparently an obscure provision, was last cited over a half-century ago. *See Budget Fin. Plan v. Gamson*, 207 P.2d 825 (Cal. 1949). Four, and what's more, LoanMe argues that the California Finance Lender Law is preempted because it "stands as an obstacle to the accomplishment and execution" of the FAA. *See Concepcion*, 653 U.S. at 352 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). An interesting issue, to be sure. But the Court need not enter the preemption thicket at this time. A reasonable parsing of California Financial Code § 22312 confirms that it doesn't stand in the way of this valid arbitration agreement.

Goggans's remaining factual arguments strain credulity. Goggans says that she never "appl[ied] for a[] loan," never "fill[ed] out any form[s]," and never "received any loan disclosures regarding the interest rate, financing terms, [or] application fees." (Opp'n, Dkt. No. 17 at 65.) According to Goggans, the money just appeared in her bank account "a day or two" after speaking with a LoanMe representative. (*Id.*) Goggans also says that she first received a copy of the promissory note "after this litigation commenced," and then immediately tried to "opt out of the arbitration agreement." (Opp'n, Dkt. No. 30 at 200.) But contrary evidence is in the emails: Goggans electronically corresponded with LoanMe,

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01223 AG (JCGx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | RENEE GOGGANS v. LOANME, INC. | | |

provided her banking information, signed the promissory note in July 2015, received a copy of the loan documentation, accepted funds the very next day, defaulted after making two payments, and belatedly tried to opt-out over a year later. (*See* Reply, Dkt. No. 34 at 228–33, 242, 252, 254, 258–63, 265, 267.)

Goggans also filed an emergency application asking the Court to strike certain telephone conversations (and related portions of a declaration) that were allegedly recorded in violation of California Penal Code § 632. Putting aside whether such a request is needed to attack evidence, *see Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492–93 (C.D. Cal. 1995), the emergency application is moot because the Court hasn't relied on those telephone conversations.

## 3. DISPOSITION

The Court GRANTS LoanMe's motion to compel arbitration and STAYS the case. (Dkt. No. 27.) Goggans's emergency application to strike is MOOT. (Dkt. No. 22.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |